**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOB BEJARANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-00016-AWI-SAB (PC)<br><br>ORDER PROVIDING DEFENDANT A. F. HERNANDEZ WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |

　　　　Plaintiff Bob Bejarano is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On July 2, 2013, the Court ordered the United States Marshal to serve process upon the defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service. On February 7, 2014, the United States Marshal filed a return of service with a USM-285 form showing charges of $70.40 for effecting personal service on Defendant A. F. Hernandez. The form shows that

a waiver form was mailed to Defendant A. F. Hernandez on July 29, 2013, and that no response was received. Defendant A. F. Hernandez did not make an appearance in the case before personal service was executed.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant A. F. Hernandez was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request. The Court shall provide Defendant with the opportunity to show good cause for failing to waive service. If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting serviced shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant A. F. Hernandez may, within thirty (30) days from the date of this order, show good cause for failing to waive service; and
2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall imposed upon Defendant A. F. Hernandez on the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: **February 19, 2014**

UNITED STATES MAGISTRATE JUDGE