1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11   BOB BEJARANO,                          )   Case No.: 1:11-cv-00016-AWI-SAB (PC)
                                            )
12             Plaintiff,                   )
                                            )   FINDINGS AND RECOMMENDATIONS
13        v.                                )   REGARDING DEFENDANTS' MOTION
                                            )   TO DISMISS PLAINTIFF'S FIRST
14   KATHLEEN ALLISON, et al.,              )   AMENDED COMPLAINT
                                            )
15             Defendants.                  )   [ECF No. 30]
                                            )
16   _____      )

17        Plaintiff Bob Bejarano is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19                                       **I.**

20                              **PROCEDURAL HISTORY**

21        Now pending before the Court is Defendants' motion to dismiss Plaintiff's first amended

22   complaint, filed March 21, 2014.   After receiving two extensions of time, Plaintiff filed an opposition

23   on June 20, 2014.

24        On July 30, 2014, the parties appeared by telephone for oral argument on the motion to

25   dismiss.

26        This action is proceeding on Plaintiff's first amended complaint, filed May 31, 2011, against

27   Defendants Allison, Goss, Hernandez, and Perez for subjecting Plaintiff to conditions of confinement

28   in violation of the Eighth Amendment.

                                             1

**II.**

**DISCUSSION**

**A.     12(b)(6) Motion Failure to State Cognizable Claim for Relief**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**1.     Allegations of First Amended Complaint**

Plaintiff's First Amended Complaint alleges fact related to his conditions and confinement from approximately June 21, 2009 until April 22, 2010.  On June 21, 2009, Facility C was placed on lockdown for a group disturbance between southern and northern Hispanics.  From July 12, 2009 until July 18, 2009, prison officials completed a search of the facility and conducted interviews.  Shortly thereafter, southern Hispanic inmates were subjected to a modified program that deprived inmates of out-of-cell exercise, pending further investigation.  The modified program without out-of-cell exercise

2

continued for eleven months.  During the lockdown, Plaintiff was confined in his cell seven days a week except for a five minute shower every other day except Sundays.  Plaintiff alleges that Defendants Allison and Hernandez were directly responsible for the lockdown of Facility C that denied Plaintiff out-of-cell exercise.  As a result of the lockdown, Plaintiff suffered from muscle cramps, stress, migraine headaches, constipation, stomach aches, heart burn, and thoughts of suicide.

On March 1, 2009, Plaintiff submitted an appeal requesting access to the mini-concrete yards for out-of-cell exercise.  On or about March 11, 2010, Defendant Perez denied Plaintiff's appeal.  On or about March 20, 2010, Defendants Goss and Hernandez denied Plaintiff's second appeal.  The appeal denial informed Plaintiff that Facility C did not have enough staff to monitor a group of inmates in the mini-concrete yards.  The lockdown period ended on April 22, 2010.

### 2.   Statutory Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and it must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

The Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable claim under the Eighth Amendment against Defendants Allison, Goss, Hernandez, and Perez for conditions of confinement in violation of the Eighth Amendment.  (ECF No. 14.)  Because the screening standard does not differ from the standard governing Rule 12(b)(6) motions, Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012), the Court generally views motions to dismiss for failure to state a claim with disfavor.  Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to rethink what it has already thought.  Sequoia Forestkeeper v. U.S. Forest Service, No. CV F 09-00392-LJO-JLT, 2011 WL 902120, at *6 (E. D. Mar. 15, 2011) (citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation marks omitted).  Defendants' motion does not change this Court's decision in the prior screening order which found a cognizable claim under the Eighth Amendment.

///

1

     **3.**     **Failure to Allege Personal Participation**

2     Defendants initially argue that the only allegations against Defendants concern their issuing of

3 decisions at the various levels of review on Plaintiff's CDC 602 inmate appeal.  Defendants reason

4 "[b]y reviewing and denying Plaintiff's inmate appeal, Defendants acted as quasi-judicial officers, and

5 are, therefore, immune from liability. To conclude otherwise would subject prison officials who

6 adjudicate internal prisoner grievances to suit every time they reach a conclusion with which the

7 prisoner disagrees." (Motion, at 4:7-11.)  The Court does not agree.

8     Contrary to Defendants' characterization of the complaint, Plaintiff does not merely allege that

9 Defendants reached the wrong conclusion in the administrative appeal process.  Rather, Plaintiff

10 alleges that he placed the Defendants on notice that he was being deprived of sufficient out-of-cell

11 exercise which caused harm and that Defendants' denial of his requests for relief constitutes deliberate

12 indifference.  (ECF No. 9, Amd. Comp. at 4 ¶ 5-8.)  Specifically, Plaintiff alleges that the California

13 Department of Corrections and Rehabilitation had the 180 degree prisons designed with mini-concrete

14 yards to provide inmates with out-of-cell exercise during the period of lengthy lockdown modified

15 programs while prison officials conduct their administrative reviews of the incident leading to the

16 lockdown.  (ECF No. 9, Amd. Compl. at 4 ¶ 7.)  Plaintiff further alleges that California Substance

17 Abuse and Treatment Facility (CSATF), prison officials can easily implement operational plans and

18 procedure for utilization of mini-concrete yards during lockdown modified programing that should be

19 intact in accordance to California Code of Regulations. (Id. at ¶ 10.)  Each facility allows a certain

20 amount of hours weekly to exercise on normal program and each Defendant knows to totally deprive

21 Plaintiff of all exercise during the lockdown modified program would be deliberate indifference. (Id.

22 at ¶ 11.)

23     As to Defendant Perez, Plaintiff alleges that on or about March 11, 2010, Plaintiff's inmate

24 appeal was denied by officer Perez stating, "[t]he safety and security of the institution C-facility is

25 paramount but providing Southern Hispanics mini-concrete yard(s) does not pose a threat to the safety

26 and security of the institution." (Id. at ¶ 15.)

27 ///

28 ///

4

1    As to Defendant D. Goss, Plaintiff alleges that on or about March 20, 201, Plaintiff's inmate

2    appeal was denied by officer Goss and approved by A. Hernandez stating, "CSATF C-facility 'does

3    not have enough staff to monitor a group of inmates at mini-concrete yard(s) and still be able to keep

4    the current program in place." (Id. at ¶ 17.)

5    As to Defendant Warden Allison, Plaintiff alleges that she continuously denied Plaintiff out-of-

6    cell exercise in her second level response asserting CSATF C-facility "shall not promote the

7    segregation of inmates by utilizing the concrete exercise yard(s) during a particular mod[ified]

8    Program or lockdown." (Id. at ¶ 21.)

9    If sufficient facts, as here, are alleged to demonstrate a causal connection between the

10   constitutional violation at issue and Defendants' actions or omissions, Defendants are not immune as a

11   matter of law from liability merely because their culpability is somehow intertwined with Plaintiff's

12   pursuit of his inmate appeal regarding the same alleged constitutional violation. See e.g., Lemire v.

13   California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-1075 (9th Cir. 2013) (liability under

14   section 1983 may be based on the acquiescence in the constitutional deprivations of which a complaint

15   is made); Starr v. Baca, 652 F.3d 1202, 1205-1206 (9th Cir. 2011) (same); see also Peralta v. Dillard,

16   744 F.3d 1076, 1085-1087 (9th Cir. 2014) (although the mere administrative review without any

17   awareness of risk to inmate's health does not provide a basis for section 1983 liability, an

18   administrator who knowingly fails to respond to an inmate's requests for help may be liable); Jett v.

19   Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrators are liable if they knowingly fail to

20   respond to a request for help).

21   Defendants are correct insofar as inmates lack a separate constitutional entitlement to a specific

22   prison grievance procedure.  However, Defendants' citation and argument of these cases to support the

23   finding that liability may never be based on a defendant's involvement of the appeals process

24   regarding the alleged constitutional violation is misplaced.  In Mann v. Adams, 855 F.2d 639 (9th Cir.

25   1988), the Ninth Circuit held simply that "[t]here is no legitimate claim of entitlement to a grievance

26   procedure."  Id. at 640 (citations omitted).  In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), the

27   Ninth Circuit recognized that there is no liberty interest in the processing of inmate appeals and no

28

separate constitutional entitlement to a specific prison grievance procedure. Id. at 860.[1]   In his first amended complaint, Plaintiff alleges that he filed administrative appeals with each Defendant in which he maintained that mini-concrete cells were available for out-of-cell exercise, yet he was completely deprived of out-of-cell exercise in violation of his constitutional rights.  Plaintiff's complaint is based on the denial of outdoor exercise from June 21, 2009 until April 22, 2010, not the denial and/or participation in the grievance process.   The grievance procedure is the method by which the Defendants were notified of the alleged constitutional violation regarding the denial of outdoor exercise, which they failed to remedy.  Based on the allegations in the complaint coupled with the notice provided to the administrative appeals, the Court finds, as stated in the prior screening order, that Plaintiff has stated a cognizable claim against Defendants Allison, Goss, Hernandez, and Perez for subjecting him to conditions of confinement in violation of the Eighth Amendment.

**4.      Official Capacity Claim Against Defendant Warden Allison**

Defendant Warden Allison argues that Plaintiff's official capacity claim against her is barred by the Eleventh Amendment.  The Court agrees.

Section 1983 provides a cause of action against any "person" who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights.  42 U.S.C. § 1983.  The Supreme Court has held that a state and its agencies are not "persons" under section 1983. See Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989).  Therefore, pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983.  Howlett v. Rose, 496 U.S. 356, 365 (1990); see also Dittman v. California, 191 F.3d 1020, 1025-1026 (9th Cir. 1999).

In addition, as the Ninth Circuit has explained, "'a suit against a state official in his or her official capacity … is no different from a suit against the State itself.' … Therefore, state officials sued in their official capacities … are not 'persons' within the meaning of § 1983 and are therefore

///

---

[1] Defendants further cite Sealy v. Couglin, 857 F.Supp. 214 (N.D.N.Y. 1994), for the proposition that a reviewing official acts "as a quasi-judicial officer and is therefore immune from liability" and is therefore entitled to judgment as a matter of law. Id. at 218.  Defendants fail to recognize that this holding was reversed on appeal based on intervening law of the circuit in Young v. Selsky, 41 F.3d 47, 52 (2d Cir. 1994). See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).

1   generally entitled to Eleventh Amendment immunity." Flint v. Dennison, 488 F.3d 816, 824-825 (9th

2   Cir. 2007) (quoting Will, 491 U.S. at 71).

3          In the first amended complaint, Plaintiff states that he seeks liability against Warden Allison in

4   both her individual and "official" capacity. (ECF NO. 9, Amd. Compl. at 2.)  To the extent Plaintiff

5   seeks to pursue an official capacity claim against Warden Allison, who is an employee of California

6   Department of Corrections and Rehabilitation (a state agency), such claim is barred by the Eleventh

7   Amendment and must be dismissed.  Accordingly, the Court will recommend that Defendants' motion

8   to dismiss this claim be granted.

9          **5.        Personal Liability Versus Respondeat Superior**

10          Defendants argue that Plaintiff has failed to demonstrate that any of the Defendants personally

11   caused the alleged constitutional deprivations, and his theory of liability is impermissibly based on

12   respondeat superior.[2]  The Court does not agree.

13          Supervisory personnel are generally not liable under § 1983 for the actions of their employees

14   under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial

15   position, the causal link between him and the claimed constitutional violation must be specifically

16   alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no

17   allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no

18   liability where no evidence of personal participation).

19          Supervisor may only be held liable if they "participated in or directed the violations, or knew

20   of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

21   1989).  Some culpable action or inaction must be attributable to defendants and while the creation or

22   enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must

23   have been the moving force behind the violation. Starr v. Baca, 652 F.3d 1202, 1205.

24          Plaintiff's allegations, when liberally construed, are that Warden Allison and Associate

25   Warden Hernandez failed to implement and/or maintain a policy at CSATF that allowed all inmates

26

27   [2] Although in section III of the motion to dismiss, defense counsel references "Defendants," the only argument advised
     based on supervisory liability by name is to Defendants Allison and Hernandez, Warden and Associate Warden,
28   respectively.  Therefore, the Court assumes  this argument relates only to Defendants Allison and Hernandez.

out-of-cell exercise during lockdown modified programming.   Plaintiff claims it was because of the lack of policy that Plaintiff was denied out-of-cell exercise during an eleven month period of time.  If these allegations are true, then Defendants' failure to implement a policy and/or to enforce a policy to disallow exercise in the mini-concrete yards during modified programming (the moving force behind the violation) caused Plaintiff's complete denial of out-of-cell exercise in deliberate indifference to Plaintiff's rights under the Eighth Amendment.

As previously stated, the Court has already determined in conducting a review of the first amended complaint pursuant to section 1915A and found that Plaintiff's allegations are sufficient to state  a cognizable claim for subjecting Plaintiff to conditions of confinement in violation of the Eighth Amendment, and Defendants offer no reason to change the conclusion now.  Accordingly, the Court will recommend that Defendants' motion to dismiss the claims against Defendants be denied.

**III.**

**RECOMMENDATION**

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.     Defendants' motion to dismiss Plaintiff's official capacity claim against Defendant Warden Allison be GRANTED; and

2.     Defendants' motion to dismiss be DENIED on all other grounds.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

///

///

///

///

///

///

Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**July 31, 2014**__

UNITED STATES MAGISTRATE JUDGE