UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00016-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 57] |

Plaintiff Bob Bejarano is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 9, 2015, Plaintiff filed a motion for the appointment of counsel.

This action is proceeding against Defendants Allison, Goss, Hernandez, and Perez for subjecting Plaintiff to conditions of confinement in violation of the Eighth Amendment.

 In the present motion for appointment of counsel, Plaintiff seeks counsel because his claims are colorable, he is indigent and lacks the ability to investigate crucial facts, the nature of the evidence indicates the truth will likely be exposed if both sides are represented by counsel, and the complexity of the legal issues warrant counsel.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

1  U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the
2  voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

3       Without a reasonable method of securing and compensating counsel, the court will seek
4  volunteer counsel only in the most serious and exceptional cases.  In determining whether
5  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
6  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
7  legal issues involved."  Id.  (internal quotation marks and citations omitted).

8       In the present case, the Court does find that neither the interests of justice nor exceptional
9  circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th
10 Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  The Court previously denied
11 Plaintiff's requests and nothing has substantially changed in this case since that time to change the
12 Court's analysis.  Plaintiff is proceeding on a claim of denial of outdoor exercise in violation of the
13 Eighth Amendment and the legal issues present in this action are not complex, and Plaintiff has to date
14 demonstrated reasonable writing ability and legal knowledge.

15      While a pro se litigant may be better served with the assistance of counsel, so long as a pro se
16 litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative
17 complexity of the matter," the "exceptional circumstances" which might require the appointment of
18 counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28
19 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner
20 "may well have fared better-particularly in the realm of discovery and the securing of expert
21 testimony.")  Plaintiff's claim that he would be better served with counsel to investigate and present
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

evidence, such circumstance is not exceptional.  Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 13, 2015**

                                                                          UNITED STATES MAGISTRATE JUDGE