UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>          Plaintiff,<br><br>     v.<br><br>KATHLEEN ALLISON, et al.,<br><br>          Defendants. | Case No.: 1:11-cv-00016-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SUBPOENA DUCES TECUM WITHOUT PREJUDICE<br><br>[ECF Nos. 61, 62] |

Plaintiff Bob Bejarano is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceedings against Defendants Allison, Goss, Hernandez, and Perez for subjecting Plaintiff to conditions of confinement in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on October 31, 2014. (ECF No. 55.) On November 4, 2014, the Court issued the discovery and scheduling order. (ECF No. 56.) Pursuant to the scheduling order, the deadline for completion of discovery is July 4, 2015. (Id.)

On May 4, 2015, and June 1, 2015, Plaintiff filed motions for issuance of subpoena duces tecum.[1] (ECF Nos. 61, 62.) As just stated, this case is currently in the discovery phase and the deadline for completion of all discovery is set for July 4, 2015. Subject to certain requirements,

---

[1] Because Plaintiff lacks entitlement to the subpoena duces tecum and there is no prejudice to Defendants, the Court elects to resolve the motion without waiting for Defendants to file a response. Local Rule 230(*l*).

1

Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R Civ. P. 26(b).

In this instance, Plaintiff does not indicate what information is sought by way of subpoena duces tecum or that the information was sought from Defendants through a request for production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a motion to compel the production.  Therefore, Plaintiff's motions for the issuance of subpoena duces tecum is HEREBY DENIED as premature, without prejudice.

IT IS SO ORDERED.

Dated:   **June 3, 2015**

UNITED STATES MAGISTRATE JUDGE