1
2
3
4
5
6
7

8                            **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11   BOB BEJARANO,                        )   Case No.: 1:11-cv-00016-AWI-SAB (PC)
                                          )
12              Plaintiff,                )
                                          )   **ORDER DENYING PLAINTIFF'S MOTION TO**
13         v.                             )   **EXTEND THE DISCOVERY DEADLINE**
                                          )
14   KATHLEEN ALLISON, et al.,            )   [ECF Nos. 65, 66]
                                          )
15              Defendants.               )
                                          )
16   _____)

17         Plaintiff Bob Bejarano is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19         On August 31, 2015, Plaintiff filed a motion to extend the discovery deadline and an

20   application for leave of Court to file a late request for production of documents.  (ECF Nos. 65, 66.)

21   Plaintiff's requests must be denied for lack of good cause.

22         On November 4, 2014, the Court issued the discovery and scheduling order and set the

23   deadline for completion of all discovery by July 4, 2015.  (ECF No. 56.)  The Court's order noted that

24   responses to written discovery requests were due forty-five days after the request is first served, and

25   all discovery must be complete by the July 4, 2015, deadline.  (Id.)

26   ///

27   ///

28   ///

                                            1

# I.

## DISCUSSION

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

 "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not  comply with the scheduling order."  Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Plaintiff's seeks an extension of the discovery deadline because on or about June 17, 2015, he was transferred to a different prison facility.  On or about July 20, 2015, Plaintiff received his legal documents and property.  Plaintiff requests a two month extension of the discovery deadline.

The Court finds Plaintiff has failed to present good cause to extend the discovery deadline due to the lack of Plaintiff due diligence.  Plaintiff seeks an extension of the discovery deadline based on a transferred which occurred on June 17, 2015-17 days prior to the July 4, 2015, discovery deadline.  In addition, Plaintiff contends, without explanation, that he submitted a request for production of documents on June 10, 2015, which was untimely under the Court's November 4, 2014 discovery and

scheduling order.[1]  There is simply no indication that Plaintiff was subjected to burdens beyond those ordinarily imposed on incarcerated pro se litigants.  Furthermore, Plaintiff has not indicated what, if any, actions he has undertaken to demonstrate that he was working diligently to meet the July 4, 2015, discovery deadline.

## II.

## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion to extend the discovery deadline and request for leave to file a late request for production of documents are DENIED.

IT IS SO ORDERED.

Dated:   __September 15, 2015__

UNITED STATES MAGISTRATE JUDGE

---

[1] As previously stated, responses to discovery requests were due forty-five days after the date of initial service and all discovery was required to be complete by the July 4, 2014, deadline.  (ECF No. 56.)  Thus, the request for production of documents served on June 10, 2015, was untimely given that a response was not due until forty-five days after, i.e. July 25, 2015.

3