UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BEJARANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00016-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO EXTEND THE DISCOVERY DEADLINE AND GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 72] |

Plaintiff Bob Bejarano is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 14, 2015, Defendants filed a motion for summary judgment.

On November 2, 2015, Plaintiff filed a motion to extend the discovery deadline to allow him to file "objections" under Federal Rule of Civil Procedure 56(c).  (ECF No. 72.)  Plaintiff request to conduct discovery (under Rule 56(c)) such as interrogatories to elicit information from the warden.

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the

1

requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order."  Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Discovery closed in this action on July 4, 2015, and the Court denied Plaintiff's request to extend the discovery deadline on September 16, 2015, finding a lack of good cause.  (ECF Nos. 56, 69.)  Rule 56(c) of the Federal Rules of Civil Procedure states as follows:

> (1) Support Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) Showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Federal Rule of Evidence 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, "a Rule 56(d) motion should be freely granted. <u>Burlington N. Santa Fe R.R. Co. v. Assinibione and Siuox Tribes of the Fort Peck Reservation</u>, 323 F.3d 767, 773 (9th Cir. 2003). A party asserting that discovery is necessary to oppose motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b).

Plaintiff has not demonstrated good cause for an extension of the discovery deadline nor has Plaintiff provided particular facts or issues for which discovery is necessary to oppose Defendants' motion for summary judgment. Fed. R. Civ. P. 16(d); Fed. R. Civ. P. 56(c), (d). Indeed, the Court has previously denied Plaintiff's request to extend the discovery deadline finding a lack of good cause and due diligence. Accordingly, Plaintiff's request to extend the discovery deadline shall be denied. In light of the nature of Plaintiff's filing and pro se status, the Court will grant Plaintiff an extension of time to file an opposition to Defendants' motion for summary judgment.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to extend the discovery deadline is DENIED; and
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: **December 1, 2015**

UNITED STATES MAGISTRATE JUDGE